## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Alan Grigsby, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 31, 2017 <br><br> Court of Appeals Case No. <br> 11A01-1706-CR-1360 <br><br> Appeal from the Clay Circuit Court <br><br> The Honorable Joseph D. Trout, Judge <br><br> Trial Court Cause No. <br> 11C01-0905-FA-159 |

**Crone, Judge.**

## Case Summary

[1] Jeffrey Alan Grigsby appeals the revocation of his probation, claiming that the trial court abused its discretion in ordering the execution of the remainder of his suspended sentence. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

[2] In May 2009, the State charged Grigsby with class A felony dealing in methamphetamine, class C felony possession of methamphetamine, two counts of class D felony possession of a controlled substance, and class A misdemeanor resisting law enforcement. In December 2009, pursuant to a plea agreement, Grigsby pled guilty to the lesser included offense of class B felony dealing in methamphetamine; the State dismissed the remaining charges; and the trial court imposed a twelve-year sentence, with ten years executed and two years suspended to probation.

[3] Grigsby was released to probation in January 2016. In March 2016, the State filed a petition to revoke probation, alleging that Grigsby violated his probation by testing positive in three drug screens administered earlier that month, admitting to using illegal drugs once that month, and failing to pay fees. In April 2016, Grigsby admitted the alleged violations and reached a sentencing agreement with the State. Pursuant to that agreement, the trial court ordered Grigsby to serve twenty-two days in the Department of Correction, which amounted to time already served in custody prior to the violation hearing. The

court also ordered Grigsby to serve one year of his remaining probationary period on electronic home detention.

[4] In May 2016, the State filed a second petition to revoke probation, alleging that Grigsby violated his probation by possessing marijuana, methamphetamine, a controlled substance, and paraphernalia, testing positive in a drug screen administered in April, and failing to pay fees. In August 2016, Grigsby admitted the alleged violations. The trial court ordered him to serve seventy days in the Department of Correction, which amounted to time already served in custody prior to the violation hearing.

[5] In December 2016, the State filed a third petition to revoke probation, alleging that Grigsby violated his probation by admitting to using illegal drugs on three occasions in August and September, failing to comply with his drug screen call-in program, failing to report for drug screens on four occasions in October and November, and failing to pay fees. In February 2017, the State filed an amended petition, alleging that Grigsby also violated his probation by testing positive in a drug screen administered earlier that month. In May 2017, Grigsby admitted the violations alleged in the amended petition. He asked "for a ninety (90) day sentence" and to be "returned to probation with the additional term of enrolling [in] and completing" a residential drug treatment program. Tr. Vol. 2 at 121. The trial court reviewed Grigsby's prior probation violations and remarked,

> [W]e sta[r]ted out with this case and we had a third petition to revoke probation and then -- then that was amended too because

you continued to use methamphetamine even though you knew that this was pending. I don't think there's any amount of drug treatment that we can offer you that would be effective in regard to your addiction. I think you have to be in a complete sober living environment and I believe the Indiana Department of Correction[] to be a sober living environment and I would allow you, as soon as I learn how to put this in a sentencing order about Purposeful Incarceration, if you can get the help you need, I would be willing to consider a modification of your sentence […] and then make sure we can get you into some sort of treatment program right away.

*Id.* at 123. The trial court revoked Grigsby's probation, ordered him to serve the remaining 638 days of his probationary period in the Department of Correction, and recommended that he be incarcerated at a facility with certain drug treatment programs. This appeal ensued.

## Discussion and Decision

Indiana Code Section 35-38-2-3(h) provides that if a court finds that a person has violated a condition of probation at any time before termination of the probationary period, the court may impose one or more of the following sanctions:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[7]     "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "[A] trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id.* (citation omitted).

[8]     Grigsby contends that the trial court abused its discretion in ordering the execution of his entire suspended sentence because he is purportedly ineligible to participate in Department of Correction drug treatment programming, which lasts longer than the time remaining on his sentence. He asserts that he called a residential treatment center "two weeks before the probation revocation hearing, and it had an opening which he hoped to fill." Appellant's Br. at 11. Grigsby offers no documentation that supports this assertion or establishes that he would be able to complete the center's treatment program before the expiration of his probationary period. Moreover, Grigsby admitted at the revocation hearing that he had previously participated in a drug treatment program through the Department of Correction, Tr. Vol. 2 at 119, which obviously failed to help him overcome his addiction to illegal drugs. He offers nothing but unconvincing assurances that he would fare any better in a residential treatment program.

Grigsby also complains that the trial court abused its discretion in revoking his probation because he suffers from several health problems, including a hernia and cirrhosis of the liver, which requires dialysis and an expensive drug regimen. The trial court voiced skepticism of Grigsby's unsupported claim that he would be unable to receive state financial assistance for his medication while incarcerated, and it also noted that he had received only "a slap on the wrist" after his first violation proceeding "because of [his] health problems[.]" *Id.* at 122, 121. Despite his health issues, Grigsby repeatedly violated his probation by using illegal drugs, and he even used methamphetamine while his third petition was pending. Up to that point, the trial court had demonstrated remarkable patience with Grigsby's substance abuse issues and had given him a lifeline that he could have used to pull himself into a rehabilitated life. Instead of using that lifeline to his advantage, Grigsby chose to hang himself with it and cannot now be heard to complain. Under the circumstances, we cannot conclude that the trial court abused its discretion in ordering the execution of the remainder of Grigsby's suspended sentence. Therefore, we affirm.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.